**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAVEL POLINOVSKY and ILONA POLINOVSKY, and HAS-PETER BAUMEISTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE LUFTHANSA, AG,<br><br>Defendants. | Case No. 11 CV 780<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Pavel Polinovsky , Ilona Polinovsky and Hans-Peter Baumeister, individually and on behalf of all others similarly situated (the "Class"), bring this putative class action for breach of contract against Defendant Deutsche Lufthansa AG ("Lutfhansa") based upon its failure to comply with Regulation No. 261/2004 of the European Parliament and European Council ("EU 261"). Defendant has moved to dismiss plaintiffs' complaint under the Federal Rules of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## BACKGROUND

Plaintiffs Pavel and Ilona Polinovsky ("the Polinovskys") are residents of Illinois and were confirmed passengers on Lufthansa Flight 467 scheduled to depart from Miami, Florida to Dusseldorf, Germany on December 18, 2010 at 6:25 PM. From Dusseldorf, the Polinovskys had a connecting flight scheduled to arrive at Warsaw on Sunday, December 19, 2010 at 12:05. As with all United States passengers traveling to Europe, plaintiffs' ticket with Lufthansa incorporated a contract, (the "Conditions of Carriage"), that provided certain remedies pursuant to EU 261. The Conditions of Contract state that "[i]n the case of a flight cancellation or flight delay, we offer assistance and compensation to the concerned passengers according to the [EU 261]." Def.'s Ex. C art. 9.2.2. Pursuant to EU 261 passengers on certain flights that have been cancelled are entitled to a specified amount of compensation as long as the cancellation was not caused by unavoidable extraordinary circumstances. EU 261, however, does not explicitly provide compensation for passengers whose flights are delayed. Instead, the European Court of Justice ("ECJ"), has interpreted EU 261 to make no distinction between passengers whose flights have been delayed by three or more hours and passengers whose flights have been cancelled. *Sturgeon v. Condor Fludienst GmbH*, 2009 E.C.R. I-10923.

On the day of departure, the Polinovskys' flight was delayed and as a result they missed their connecting flight in Dusseldorf. The Polinovskys ultimately suffered a loss of time in excess of three hours. The Polinovskys were not offered re-routing nor compensation for this delay.

Additionally, plaintiff Hans-Peter Baumeister ("Baumeister") is a resident of California and was a confirmed passenger on Lufthansa Flight 1371 scheduled to depart


from Stuttgart, Germany on October 4, 2010 at 1:20 PM and arrive in Munich, Germany. Baumeister had a connecting flight scheduled to depart from Munich at 4:15 PM and arrive in San Francisco, California. Baumeister's ticket also included a contract with Lufthansa that provided remedies under EU 261. Baumeister's flight was cancelled and he was not offered an opportunity to re-route his travel plans nor compensation for his delay.

Because plaintiffs have not received compensation for their cancelled or delayed flights, plaintiffs claim that Lufthansa has violated its own Conditions of Carriage. Consequently, plaintiffs have filed this punitive class action for breach of contract.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Christensen v. County* of Boone, 483 F.3d 454, 458 (7th Cir. 2007). Pursuant to the federal notice pleading standard, a complaint need only provide "a short and plain statement of the claim" showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In order to withstand a motion to dismiss under 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, the complaint need not set forth "detailed factual allegations," but it must plead facts that "raise a right to relief

above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**DISCUSSION**

**1.      Airline Deregulation Act**

Defendant first argues that plaintiffs' claim should be dismissed because it is preempted by the Airline Deregulation Act ("ADA"). In order to ensure that states would not ignore federal airline regulation in favor of regulation of their own, the ADA provides that "a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713 (b)(1); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L. Ed. 2d 157 (1992). Essentially, the ADA displaces all state law, including those that "fall within its sphere" that relate to an air carrier's price, routes and services. *Morales*, 504 U.S. 387. Therefore, state law causes of action are preempted by the ADA when two elements are present: (1) the claim relates to airline prices, routes or services; and (2) the claim involves the enactment or enforcement of a state law, regulation or provision, including state common law. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996); *United Airlines, Inc. v. Mesa Airlines, Inc*. 219 F.3d 605, 607 (7th Cir. 2000). Here, defendant argues that the plaintiffs' claim meets both of these elements and therefore should be preempted.

In response, plaintiffs argue that the exception to ADA preemption established in *American Airlines v. Wolens* exempts their claim from dismissal. In *Wolens*, the Supreme Court articulated an exception to ADA preemption for routine breach of contract claims "seeking recovery for an airline's breach of its own self imposed undertakings." *American Airlines v. Wolens*, 513 U.S. 219, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995). To avoid ADA preemption under *Wolens*, a breach of contract claim must be based on the parties' own contract, with no enlargement or enhancement through state laws or policies external to the agreement. *Id*., at 233. Plaintiffs' argue that because EU 261 is incorporated into Lufthansa's Conditions of Carriage Agreement, providing compensation for flights delayed more than 3 hours constitutes Lufthansa's own self imposed undertaking.

Lufthansa, however, disagrees. Lufthansa argues that compensation for delayed flights is governed by Section 14.4.1 in its Conditions of Carriage which states that Lufthansa will provide delayed passengers assistance and a ticket refund. Therefore, applying the EU 261 and the aforementioned *Sturgeon* decision would enlarge or enhance the contract that it has made with plaintiffs, which is expressly prohibited by the ADA.

Section 9.2.2 of the Lufthansa's Conditions of Carriage Agreement specifically states that, "[I]n the case of a flight cancellation or flight delay we offer assistance and compensation to the concerned passengers according to [EU261]." Therefore, Lufthansa's reliance on Section 14.4.1 of its Conditions of Carriage is insufficient. Further, the ECJ, through the *Sturgeon* decision, has established that EU 261 offers a right to compensation to passengers that have experienced a delay of three hours or more

that is not the result of extraordinary circumstances. Therefore, the ECJ's decision interpreting EU 261 cannot be construed as an external expansion of the Lufthansa's contract with plaintiffs, but instead serves as guidance on how to apply regulation EU 261.

Further, the primary cases cited in Lufthansa's briefs are distinguishable. In *Onoh*, the court concluded that a mere reference to the need for the airline to comply with "all applicable laws" did not specifically incorporate the Schengen Agreement into its contract. *Onoh v. Northwest Airlines, Inc.*, 613 F.3d 596, 601 (5th Cir. 2010). Similarly, in *McMullen v. Delta Airline, Inc.*, the court did not find that an airline agreed to only charge certain customers a foreign tax when it agreed to comply with any applicable law that conflicts with its international contract of carriage. No. 08-1523, 2008 WL 4449587, at *1 (N.D. Cal. Sept. 30, 2008). In those cases, the courts rejected the argument that a generic boilerplate reference to compliance with all "applicable law" incorporated certain specific regulations into the contracts at issue. In contrast, Lufthansa's contract specifically referenced EU 261 and included language stating its intent to provide compensation according to EU 261 regulations. Because plaintiffs are seeking to enforce their right to compensation as provided under EU 261, the compensation plaintiffs are seeking constitutes Lufthansa's own undertaking. Therefore, plaintiff's breach of contract claim falls within the *Wolens* exception and is not preempted by the ADA.

### 2.     Montreal Convention

Next, Lufthansa argues that plaintiffs' claim should be preempted by Article 19 of the Montreal Convention. The Montreal Convention, which replaced the Warsaw

6

Convention in 2003, is a self-executing treaty of the United States that consolidates and unifies "certain rules for international carriage by air." Montreal Convention, Preamble. Specifically, it provides passengers the right to damages arising from "any carriage in which, according to the Agreement between the parties, the place of departure and the place of destination . . . are situated . . . within the territory of two State Parties." *Id*. art. 1(2). Lufthansa argues that because the plaintiffs' claim stems from travel between signatory countries, namely the United States, Germany and Poland, the Montreal Convention should govern their claims. Under Article 19 of the Montreal Convention, a passenger has a right to limited compensation in the event of a flight delay. Lufthansa argues that Article 19 applies to plaintiffs' claim therefore their claim should be dismissed from this Court.

It is undisputed that the Montreal Convention preempts state law causes of action that are in conflict with the provisions of the Convention. *El Al Israel Airlines, Ltd v. Tseng*, 525 U.S. 155, 175. 119 S.Ct. 662, 142 L. Ed. 2d 576 (1999). Courts are divided, however, as to whether this means that a contract or tort claim falling within the scope of the Convention may proceed under state law or must be brought under the Convention. *See Husmann v. TransWorld Airlines, Inc.*, 169 F.3d 1151, 1152-53 (8th Cir. 1999); *but see Nankin v. Cont'l Airlines, Inc*., No. CV 09-07851 MMM (RZx), 2010 WL 342632, at *6 (C.D. Cal. Jan. 29, 2010).[1] Despite this division, the Seventh Circuit has previously decided that the Warsaw Convention is not the exclusive ground for recovery these claims. *Sompo*, 522 F.3d at 785. Therefore, state contract and tort claims, consistent with the Warsaw Convention, are not preempted. *Id*. In reaching this decision, the Seventh

---

[1] Because they both incorporate the same language, courts often rely upon cases interpreting the Warsaw Convention to determine the preemptive effect of the Montreal Convention.

Circuit relied upon the language of Article 24 of the Warsaw Convention which suggests that an action may be brought "in contract or tort or otherwise." *Id*. at 776. Article 29 of the Montreal Convention utilizes language similar to Article 24 of the Warsaw Convention and states that:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, *whether under the Convention or in contract or in tort or otherwise*, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action punitive, exemplary or any other non-compensatory damages shall not be recoverable. *Id*. Art. 29 (emphasis added).

Therefore, the Seventh Circuit's holding in *Sompo* applies to the Montreal Convention as well. *Cosgrove-Goodman v. UAL Corp.,* No. 10-cv-1908, 2010 WL 2197674, at *3 (N.D. Ill. June 2, 2010). Accordingly, plaintiffs' claims are not preempted by the Montreal Convention.[2]

### 3. Air Transport Agreement

Lufthansa's next argument applies only to the Polinovskys' claims. Lufthansa contends that the Polinovskys' claim fails because, pursuant to the Air Transport

---

[2] In its reply brief, Lufthansa further argues that the Montreal Convention prohibits plaintiffs' claim because the Montreal Convention does not allow for the recovery non-compensatory damages. Arguments, however, first raised in the reply brief are waived. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010). Therefore, this Court will not decide whether plaintiffs' claims are precluded under the Montreal Convention at this time without plaintiffs' having an opportunity to respond to Lufthansa's newly raised argument regarded damages.

Agreement ("ATA"), EU 261 does not apply to flights departing the United States. The ATA is an agreement entered into between the United States and the European Community that states:

> While entering within or leaving the territory of one Party, the laws and regulations applicable within that territory relating to the admission to or departure from its territory of passengers, crew or cargo on aircraft . . . shall be complied with by, or on behalf of, such passengers, crew or cargo of the other Party's airlines. Air Transport Agreement, Article 7(2).

Lufthansa believes it should not be compelled to abide by EU 261 regulations without the express approval of the United States because the ATA makes no mention of EU 261.

In its motion to dismiss, Lufthansa cites the language of the ATA, the relevant part being, "the laws and regulations within that territory relating to admission to or departure from its territory . . . shall be complied with." This language indicates that the laws of a party regarding an aircraft's admission or departure are respected while the aircraft carrier operates within that party's territory. Neither this language, nor the language in the entirety of the ATA, makes any mention of the laws that should be used to govern compensation for delayed flights. Instead, the only language included in the ATA potentially relevant to the Polinovskys' claim is the "importance of protecting consumers." *Id*. art. 16. The ATA offers no additional guidance related to consumer protection. Therefore, this Court finds that the ATA has no bearing on whether EU 261 applies to the Polinovskys' breach of contract claim.

9

4.     **Baumeister's Breach of Contract Claim**

Lufthansa's next argument is that plaintiff Baumeister's breach of contract claim fails because EU 261 only requires operating carriers to pay compensation to passengers whose flights have been delayed. Plaintiff Baumeister was a passenger on Lufthansa Flight 1371. Lufthansa alleges that Flight 1371 was subject to a code share agreement between Augsburg Airways and Lufthansa, designating Lufthansa as the contracting carrier and Augsburg Airways as the operating carrier. Pursuant to the code share agreement, "[i]f in the case of a Code Share flight LH is indicated as the carrier, these Conditions of Carriage also apply to such transportation." EU 261 is incorporated into the Conditions of Carriage and allows for compensation to passengers whose flights have been delayed more than three hours. However, EU 261 limits liability to operating carriers only. EC 261, Article 3(5). As the contracting carrier, Lufthansa argues that it is not liable to provide any compensation to Baumeister for his delay.

Plaintiffs, on the other hand, argue that based upon the plain language of Lufthansa's Conditions of Carriage, Lufthansa should still be liable to Baumeister because Lufthansa was responsible "for the entirety of the Code Share journey for all obligations to passengers established in these rules." Defs.' Ex. C, Section 2.3. Plaintiffs also request an opportunity for more discovery on the relationship between Lufthansa and Augsburg Airways prior to a dismissal of this claim to determine whether the two airlines operate as different entities with separate Conditions of Carriage.

The distinction between the operating carrier and contracting carrier of Flight 1371 is an issue outside of the complaint in this case. Despite Lufthansa's assertion that Augsburg Airways was the operating carrier of Baumeister's flight, Baumeister's ticket

included no language that indicated that Augsberg Airways was the operating carrier of the Flight 1371 or that Baumeister had formed a contract with Augsburg Airways. Further, while Augsburg Airways is a wholly owned subsidiary of Lufthansa, the business relationship between the two airlines remains unknown. Therefore, there exists sufficient uncertainty to create a factual dispute as to whether Lufthansa or Augsburg Airways acted as the operating carrier of Flight 1371 and whether this information was available to the Baumeister at the time of his flight. While it ultimately may be determined that Augsburg Airways was the operating carrier of Flight 1371, at this stage, plaintiffs have not yet been given the opportunity to engage in discovery on this issue. Therefore, applying the facts in the light most favorable to the plaintiffs, dismissing Baumeister's claim would be improper at this time.

### 5. Exhaustion of Remedies

Lufthansa's next argument is that all plaintiffs' claim should be dismissed because they have failed to exhaust all other available remedies in the European Union courts. In response, plaintiffs argue there is nothing in EU 261 or Lufthansa's Conditions of Carriage that requires them to exhaust any available administrative remedies prior to filing this suit. In their reply brief, Lufthansa admits plaintiffs' argument to be true, but, nevertheless requests this court to exercise its discretion to dismiss plaintiffs' claims for failure to exhaust prescribed administrative remedies. Def.'s Reply Br. at 11, citing *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Again, there is nothing in EU 261 that requires exhaustion of administrative remedies. The EU does require each member state to establish a responsible body to

enforce its regulations. Airline passengers, however, are not required to complain to this body prior to filing a lawsuit. EU 261 Preamble (22).

Further, Lufthansa suggests that, although it may not be required in this case, exhaustion is a basic principal of international law. However, the Seventh Circuit case cited to support Lufthansa's contention, *Enahoro v. Abubakar*, focuses on situations involving human rights, not on routine breach of contract matters. 408 F.3d 877, 886 (7th Cir. 2005). Because plaintiffs' claim falls outside the areas in which international law typically requires exhaustion of remedies, the court is not convinced that this type of discretionary dismissal for failure to exhaust available remedies is appropriate here.

### 6. International Comity

Lastly, Lufthansa argues that plaintiffs' complaint should be dismissed because a United States court's adjudication of plaintiffs' breach of contract claims, in which EU 261 could apply, contravenes principles of international comity. International comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 163-64, 16 S. Ct 139, 40 L.Ed. 95 (1895).

Lufthansa argues that deference to European courts is appropriate in this case because the EU has already established a regulatory and judicial framework to enforce and adjudicate claims under EU 261. Further, Lufthansa argues that European courts have access to the ECJ, the highest court of the European Union, to answer questions of

European law that may arise in this matter. As the ECJ is not available to non-European Union courts, adjudicating plaintiffs' claim before this Court would deny parties access to the ECJ. The lack of access to ECJ guidance would be "particularly inappropriate" here because the ECJ has accepted an appeal seeking clarification about a central point in this matter: whether EU 261 permits passengers to recover compensation for flight delays. Therefore, Lufthansa argues that allowing this case to proceed may force this Court to decide European law without the opportunity to seek potentially necessary guidance from the ECJ.

First, while this Court does recognize that EU courts have mechanisms in place to adjudicate claims similar to the plaintiffs, a plaintiff may, but is not required to utilize these mechanisms. Instead plaintiffs have the right to "seek legal redress from courts under the procedures of national law." EU 261 Preamble (22). Therefore, plaintiffs have a right to proceed in this Court, despite the existence of an alternative enforcement mechanism under the EU. There is nothing in EU 261 that suggests otherwise.

Second, although this Court recognizes the unavailability of the ECJ to resolve questions regarding European Union law, the Seventh Circuit has previously failed to decline jurisdiction based on principles of comity where there is no competing or parallel action and the claim is premised on breach of contract law. S*ee, e.g. AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510 (7th Cir. 1996). Here, plaintiff is seeking enforcement of a breach of contract claim. The matter does not involve an area of law so complicated that this court will be unable to apply EU 261. Furthermore, the court recognizes that the ECJ has a referral seeking to reevaluate *Sturgeon*. This Court will be able to apply the ECJ's forthcoming ruling while postponing action or to stay the merits

13

of this case pending a decision by the ECJ on the question at issue. Therefore, the court does not feel that this matter requires dismissal for the sake of international comity.

## CONCLUSION

For the foregoing reasons, Defendant Lufthansa's motion to dismiss [29] is denied.

IT IS SO ORDERED.

_____
Honorable Sharon Johnson Coleman

Dated: March 30, 2012