UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAVEL POLINOVSKY, and ILONA POLINOVSKY, and HANS-PETER BAUMEISTER, on behalf of themselves and all others similarly situated,<br>       Plaintiffs,<br><br>v.<br><br>DEUTSCHE LUFTHANSA, AG,<br>       Defendant. | Case No. 11 cv 780<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Pavel and Ilona Polinovsky ("the Polinovskys") and Hans-Peter Baumeister ("Baumeister") (collectively, "Plaintiffs") filed this putative class action lawsuit against defendant Deutsche Lufthansa AG ("Lufthansa") for its alleged failure to comply with Regulation No. 261/2004 of the European Parliament and European Council ("EU 261" or "the Regulation"). The Regulation requires airlines to compensate passengers for certain delayed or cancelled flights departing from or arriving in the European Union. Plaintiffs initially filed their complaint asserting a breach of contract claim against Lufthansa and alleging EU 261 was incorporated into Lufthansa's General Conditions of Carriage. Indeed, this Court found that Lufthansa expressly incorporated EU 261 in its Conditions of Carriage. *Polinovsky v. Deutsche Lufthansa AG*, 2012 WL 1080415 (N.D.Ill. Mar. 30, 2012). Plaintiffs later amended their complaint to add Count II alleging a violation directly under EU 261. Lufthansa now moves to dismiss Count II pursuant to Fed.R.Civ.P. 12(c).[1] For the following reasons, Lufthansa's motion is granted.

---

[1] Lufthansa also moves for summary judgment against the Polinovskys and Baumeister. Separate decisions on each motion will be issued contemporaneously with this Opinion and Order.

**Background**

The Polinovskys are residents of Illinois and were confirmed passengers on British Airways Flight BA 226 from Atlanta to London scheduled to depart December 17, 2010, with a connecting flight to Warsaw Poland. Prior to departure, their flight was cancelled and British Airways rebooked the Polinovskys on later flights, including Lufthansa Flight LH 467 from Miami to Dusseldorf, Germany, scheduled to depart at 6:25 p.m. December 18, 2010.[2] Flight LH 467 was delayed and, as a result, the Polinovskys missed their connecting flight to Warsaw. The Polinovskys ultimately travelled by train to their final destination and were not compensated for their delay. Baumeister is a resident of California and was a confirmed passenger on Lufthansa Flight LH 1371 from Stuttgart, Germany to Munich scheduled to depart on October 4, 2010. Flight LH 1371 was cancelled was cancelled and Baumeister was not offered compensation.

**Legal Standard**

Rule 12(c) permits a party to move for judgment on the pleadings after the filing of both the complaint and the answer. *See* Fed.R.Civ.P. 12(c); *Brunt v. Serv. Empl. Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed.R.Civ.P. 10(c); *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

Courts review motions brought pursuant to Rule 12(c) under the same standard as a motion to dismiss under Rule 12(b). *Northern Ind. Gun & Outdoor Shows*, 163 F.3d at 452. Thus, a complaint must be dismissed if the allegations do not state a facially plausible claim that raises the right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[2] The Polinovskys were rebooked on the following flights: Delta Flight DL 1951 from Atlanta to Miami, departing December 18, 2010 at 1:30 p.m.; Lufthansa Flight 467 departing Miami departing on December 18, 2010 at 6:25 p.m., arriving Dusseldorf, Germany on December 19, 2010 at 9:15 a.m.; Lufthansa Flight LH 5726 departing Dusseldorf on December 19, 2010 at 10:15 a.m., arriving Warsaw, Poland 12:05 p.m.

544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As with Rule 12(b)(6) motions, courts must view the facts alleged in the light most favorable to the non-moving party. *Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

**Discussion**

Lufthansa argues that EU 261 does not provide an express or implied private right of action that can be enforced outside the European Union and that EU 261 was never intended to be enforced outside the European Union. Lufthansa also contends that European Union law does not permit recovery for damages in a class action suit and that the Airlines Deregulation Act preempts United States courts sitting in diversity from enforcing any laws that relate to an airline's prices, routes or services.

While not binding on this Court, the Court considers and finds persuasive *Lozano v. United Cont'l Holdings, Inc.*, 2013 WL 5408652 (N.D. Ill. Sept. 26, 2013) (Nordberg, J.), *Volodarskiy v. Delta Air Lines, Inc.*, 2013 WL 5645776 (N.D. Ill. Oct. 16, 2013) (Chang, J.) and *Giannopoulos v. Iberia Lineas Aereas de Espana, S.A.*, 2014 WL 551603 (N.D. Ill. Feb 12, 2014) (Durkin, J.) wherein each court was presented with similar facts, motions to dismiss and arguments in support and in opposition to those now before this Court.

The Regulation provides compensation to passengers whose flights are delayed or cancelled under certain circumstances. *See generally* Regulation 261/2004 O.J. (L 46) (hereinafter EU 261). The Preamble states that Member States "should ensure and supervise general compliance…and designate an appropriate body to carry out such enforcement tasks. Such supervision should not affect the rights of passengers…to seek legal redress from courts under procedures of national law." EU 261 Preamble ¶22.

Lufthansa contends that, while EU 261 affords passengers the right to receive compensation in certain circumstances, the text of the Regulation does not provide that such a right may be enforced outside the European Union. In support, Lufthansa looks to paragraph 1 of Article 16, which states: "[e]ach Member State shall designate a body responsible for the enforcement of this Regulation." EU 261 Art. 16.1. Article 16 further provides that "each passenger may complain to any body designated under paragraph 1, or to any other competent body designated by a Member State." *Id*. Art. 16.2. Lufthansa duly notes the absence of an express provision providing for enforcement outside of Member States as well as the absence of any reference to the United States or any other non-Member States in the context of enforceability. *See id*. In sum, Lufthansa argues the text of EU 261 establishes that it does not expressly or impliedly provide a private cause of action enforceable by courts in the United States.

In opposition, Plaintiffs argue that nothing in the Regulation expressly prohibits U.S. courts from enforcing EU 261. Indeed, Plaintiffs contend that EU 261 places "no limitations whatsoever on the forum court." (Dkt. #114, Pl. Resp. at p. 4.) Plaintiffs rely on the text of the Regulation, which provides minimum rights for passengers "to seek legal redress from *courts under procedures of national law*." EU 261 Preamble ¶22 (emphasis added); Art. 1.1 (the Regulation establishes "minimum rights for passengers…"). Plaintiffs argue that this language expressly provides that the procedures of the forum court apply. Plaintiffs also rely on Article 15, which states that when passengers accept less compensation than that to which they are due, they are "entitled to take the necessary proceedings before the *competent courts or bodies* in order to obtain additional compensation" *Id*. Art. 15 (emphasis added). Taken together with the Preamble, neither provision being modified by "designated by Member States," Plaintiffs

4

interpret these provisions to place no limitation on the forum court. Plaintiffs contend, had the European Commission intended to expressly limit enforcement it could have done so. Plaintiffs argue that, absent an express prohibition, EU 261 confers rights to all passengers enforceable by any civil court.

Considering both parties' well written and presented arguments, this Court holds that EU 261 does not provide a private right of action enforceable outside the European Union. Article 16 directs Member States to "designate a body responsible for the enforcement of this Regulation." EU 261 Art. 16.1. Passengers are then directed to complain to these responsible bodies or "any other competent body designated by a Member State." *Id*. Art. 16.2. Thus, the Regulation clearly links its enforcement to bodies *designated by a Member State*. See *Volodarskiy*, 2013 WL 5645776 at *4 ("that text can only mean that the enforcement of EU 261 is directly tied to courts and administrative bodies in the EU"); *Lozano*, 2013 WL 5408652 at *3 (the provisions of Article 16 "directly tie enforcement to the 'territory' of a 'Member State'"). Furthermore, the Regulation refers only to third countries in connection to EU 261's applicability to flights departing from third countries to Member States. *See* EU 261 Preamble ¶¶6, 23; Art. 3.1(b), 16.2. While Plaintiffs contend that the Preamble and Article 15 allow passengers to file a claim in any court, the Court finds this argument untenable. Indeed, "the better interpretation is that the EU contemplated and intended that such claims would be filed only in the courts of Member States." *Lozano*, 2013 WL 5408652 at *3.

Plaintiffs also rely on this Court's previous ruling denying Lufthansa's motion to dismiss Count I. Indeed, this Court previously held that nothing in the Regulation required Plaintiffs to exhaust their administrative remedies before proceeding in this Court and that, while the Regulation provides for alternative mechanisms to adjudicate their claims, Plaintiffs were not

5

required to utilize them. *Polinovsky*, 2012 WL 1080415 at *6-7. However, Plaintiffs reliance is misplaced and its argument belied by the fact that this Court's prior ruling dealt exclusively with Plaintiffs' state law breach of contract claims. *Id.*; *Volodarskiy*, 2013 WL 5645776 at *4. Indeed, Plaintiffs amended their complaint to add Count II alleging a direct claim under EU 261 more than six months after this Court's ruling. Thus, the issue of whether EU 261 can be directly enforced by a United States court was not then before this Court. Similarly, the Court rejects Plaintiffs' reliance on *Giannopoulos v. Iberia Lineas Aereas de Espana, S.A.*, 2011 WL 3166159 (N.D. Ill. July 27, 2011). Finally, Plaintiffs argue that the Court is presented with a fundamental choice of law issue. However, Plaintiffs' argument "presupposes that Plaintiffs have properly stated a claim that is cognizable in this Court (or any other United States Court)." *Volodarskiy*, 2013 WL 5645776 at *5.

**Conclusion**

For all of these reasons, the Court finds that EU 261 does not create a private right of action enforceable outside the EU. Lufthansa's motion is therefore granted and Count II of Plaintiffs' complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
Date: March 12, 2014

_____
Sharon Johnson Coleman
United States District Judge