UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAVEL POLINOVSKY, and ILONA POLINOVSKY, and HANS-PETER BAUMEISTER, on behalf of themselves and all others similarly situated,<br>　　　　Plaintiffs,<br><br>v.<br><br>DEUTSCHE LUFTHANSA, AG,<br>　　　　Defendant. | Case No. 11 cv 780<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Pavel and Ilona Polinovsky and Hans-Peter Baumeister ("Baumeister") filed this putative class action lawsuit against defendant Deutsche Lufthansa AG ("Lufthansa") for its alleged failure to comply with Regulation No. 261/2004 of the European Parliament and European Council ("EU 261" or "the Regulation"). The Regulation requires airlines to compensate passengers for certain delayed or cancelled flights departing from or arriving in the European Union. Their complaint alleges breach of contract and violation of EU 261. This Court previously held that EU 261 is expressly incorporated in Lufthansa's Conditions of Carriage. *Polinovsky v. Deutsche Lufthansa AG*, 2012 WL 1080415 (N.D.Ill. Mar. 30, 2012). Lufthansa now moves for summary judgment against Baumeister.[1] For the following reasons, Lufthansa's motion is granted.

**Background**

Baumeister is a resident of California and was a confirmed passenger on Lufthansa Flight 1371 from Stuttgart, Germany to Munich scheduled to depart on October 4, 2010, with a

---

[1] Lufthansa has also moved to dismiss Count II of plaintiffs' complaint. A separate decision granting Lufthansa's motion to dismiss Count II is being issued contemporaneously with this Opinion and Order. Therefore, this ruling addresses Lufthansa's motion for summary judgment as to Count I of plaintiffs' complaint as alleged by Baumeister.

1

connecting flight to San Francisco. Baumeister's employer, Fraunhofer-Gesellschaft ("Fraunhofer") purchased Baumeister's tickets pursuant to a PartnerPlus Progress Agreement ("PartnerPlus Agreement") between Fraunhofer and Lufthansa. Flight LH 1371 out of Stuttgart was cancelled. Baumeister filed a claim with the German National Enforcement Body in November 2010 alleging that Lufthansa violated European Union Regulation No. 261/2004 ("EU 261" or "the Regulation") which was ultimately denied.

**Legal Standard**

Summary judgment is appropriate if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). When considering a summary judgment motion, the Court construes the facts and all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

**Discussion**

Lufthansa argues that it is not the operating carrier of Flight LH 1371 as defined by EU 261. Lufthansa also contends Baumeister did not pay a publicly available fare for his ticket and is collaterally estopped from asserting a claim for EU 261 compensation. The parties do not dispute that Lufthansa's Conditions of Carriage apply to Baumeister's travel.

The Preamble of EU 261 states that "the obligations that [the Regulation] creates should rest with the operating carrier who performs or intends to perform a flight, whether with owned aircraft, under dry or wet lease, or on any other basis." EU 261 Preamble ¶7. Further, "[i]n the case of cancellation of a flight, the passengers concerned shall…have the right to compensation by the operating air carrier." *Id*. Art. 5. "Operating air carrier" is defined as "an air carrier that performs or intends to perform a flight under a contract with a passenger or on behalf of another person, legal or natural, having a contract with that passenger." *Id*. Art. 2(b).

The parties expend significant efforts disputing whether Augsburg or Lufthansa is the operating carrier of Flight LH 1371. According to Lufthansa, Augsburg is responsible for the operation and maintenance of certain regional flights, including Flight LH 1371, under the IQ[2] Framework Charter Agreement ("Charter Agreement"). (Ex. P §§ 2.8, 2.10, 5.6, 6.1, 6.5, 11.1.) Lufthansa contends that Augsburg owns the aircraft used for regional flights like Flight LH 1371 and that these flights are operated by Augsburg's flight and cabin crew, with the pilot having the ultimate authority to make operational decisions. (*Id.* at §§ 6.1, 7.1.) Augsburg also carries its own operating license and air operator certificate. (Dkt. #128-2, Ex. E, F.) Moreover, Baumeister's ticket states that Flight LH 1371 is operated by Augsburg. (Dkt. #128-4, Ex. I.) To this end, Lufthansa asserts Augsburg "performed or intended to perform" Flight LH 1371.

Baumeister argues the Charter Agreement evidences Lufthansa, not Augsburg, is the operating air carrier of regional flights like Flight LH 1371. Baumeister asserts that Augsburg's responsibility is limited to compliance with Lufthansa standards while Lufthansa retains significant control over operational matters and liability for passenger delays. (Ex. P §§ 3.2, 3.3, 4, 6.1-6.6, 18.4.) Baumeister also suggests that Lufthansa's own monitoring and reporting data, as well as internal claims manuals, indicate that Lufthansa bears the financial and operational

---

[2] "IQ" refers to the airline code designated for Augsburg. (Dkt. #158, Def.'s Reply at p.5, fn. 5.)

risk for Augsburg flights operated under LH flight numbers. (*See* Dkt. #153-5, Ex. 12; Dkt. #153-7, Ex. 14 at LH_001526.) Finally, Baumeister asserts that Augsburg is completely dependent upon Lufthansa and is therefore not an autonomous commercial carrier.

The parties each cite to German Case Xa ZR 138/8 in support of their opposing conclusions. (Dkt. #128-4, Ex. U.) The German court found that the "contracting air carrier" and the "operating air carrier" can be separate and distinct entities. German Case Xa ZR 138/8 at p. 5. The court explained that, where the contracting carrier is not the operating carrier, "only the company whose aircraft and personnel…actually renders the transport performance is relevant for the term 'operating air carrier,' not the air carrier with which the contract involving the air travel was concluded." *Id*. This interpretation of "operating air carrier" is supported by the text and history of EU 261, as well as the text of the Montreal Convention and Regulation (EC) No. 2111/2005. *Id*. at pp. 6-12. Thus, a court must differentiate between the "air carrier that actually assumes implementation of the flight…and the organization that has a contractual relationship with the air travel passenger." *Id*. at p. 12. The Court finds the German court's analysis persuasive and instructive.

Considering each of the parties' arguments and construing the facts and all reasonable inferences in the light most favorable to Baumeister, the Court finds that Augsburg is the operating air carrier of Flight LH 1371. In this case, Baumeister cannot dispute that Lufthansa disclosed Augsburg as the operating carrier on the face of his ticket, that the aircraft is owned by Augsburg and that Augsburg provided the flight and service crew for Flight LH 1371. Baumeister fails to show how Lufthansa's monitoring and reporting flights transforms Lufthansa into the operating carrier as defined by and in the context of EU 261. Moreover, whether Lufthansa releases Augsburg of liability for passenger delays is irrelevant to this inquiry. As the

4

German court recognized, the operating air carrier obligated to compensate passengers for flight delays and cancellations under EU 261, "may take recourse against the air transport passengers' contract partners." German Case Xa ZR 138/8 at p. 6. For all these reasons, the Court finds that Augsburg is the operating air carrier of Flight LH 1371 as defined by EU 261 and therefore grants Lufthansa's motion for summary judgment against Baumeister.

**Conclusion**

For the foregoing reasons, Lufthansa's motion for summary judgment is granted and Count I of the complaint as to Baumeister is dismissed.

IT IS SO ORDERED.

Date: <u>March 13, 2014</u>

_____
Sharon Johnson Coleman
United States District Judge