UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAVEL POLINOVSKY, and ILONA POLINOVSKY, and HANS-PETER BAUMEISTER, on behalf of themselves and all others similarly situated,<br>   Plaintiffs,<br><br>v.<br><br>DEUTSCHE LUFTHANSA, AG,<br>   Defendant. | Case No. 11 cv 780<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

On March 13, 2014, this Count entered judgment for defendants, Deutsche Lufthansa, A.G. ("Lufthansa"), on Count I of plaintiff's, Hans-Peter Baumeister, amended complaint. (Dkt. #185, Memorandum Opinion and Order.) Baumeister now moves this Court to reconsider its order on the ground that the Court failed to address an argument.

Motions to reconsider serve a limited function and are appropriate "where the Court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A further basis would be a controlling or significant change in the law or facts. *Id*. "These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances." *U.S. S.E.C. v. Nat'l Presto Indus., Inc.*, 2004 WL 1093390 at *2 (N.D. Ill. Apr. 28, 2004).

This Court previously held that Augsburg Airways was the operating air carrier of Flight 1371 as defined by EU 261 and that Lufthansa was therefore not required to pay Baumeister compensation pursuant to the Regulation. (Dkt. #185, Memorandum Opinion and Order.) In its motion to reconsider, Baumeister contends that Lufthansa is contractually obligated to compensate passengers of code-share flights where Lufthansa's airline designator code 'LH' appears on a passenger's ticket, as it did on Baumeister's ticket, even where Lufthansa is not the operating carrier. (*See* Dkt. #192-1, Lufthansa Conditions of Carriage §2.3.) Baumeister asserts that Lufthansa "went a step further in its customer contracts and agreed to follow EU 261 even

when acting only as the ticketing carrier." (Dkt. #192, Mot. to Reconsider, p. 2.) Baumeister maintains that the Court overlooked and failed to address this argument in its March 13, 2014 order.

Lufthansa contends that Baumeister fails to present a valid basis to bring a motion for reconsideration as even Baumeister concedes his argument was presented to the Court at summary judgment. Additionally, in two footnotes, Lufthansa asserts that Augsburg Airways operated Flight 1371 pursuant to a charter agreement, not a code-share arrangement, that Section 2.3 of Lufthansa's Conditions of Carriage is inapplicable to this issue and suggests that accepting Baumeister's argument would require the Court to ignore foreign and domestic interpretations and case law regarding EU 261 provisions. (Dkt. #196, Def.'s Resp., p. 3, fn 2, 3.)

A motion to reconsider is not an opportunity for a disappointed party to rehash the same arguments that it raised earlier. *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978,* 794 F.Supp. 261, 267 N.D.Ill. 1992), *aff'd,* 4 F.3d 997 (7th Cir. 1993). Having found Lufthansa was not the operating carrier of Flight 1371 as defined by EU 261 and thus not obligated to compensate passengers pursuant to EU 261, the Court did not find it necessary to address the argument forming the basis for this motion. The Court declines to now hold that Lufthansa owes EU 261 compensation when it is the ticketing carrier – rather than the operating carrier – as Baumeister's motion requests. "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Nat'l Presto Indus., Inc*., 2004 WL 1093390 at *2. Baumeister fails to present the Court with an extraordinary circumstance which warrants the granting of a motion to reconsider and the motion is, therefore, respectfully denied.

IT IS SO ORDERED.

_____
Date: June 2, 2014

United States District Judge