IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAVEL POLINOVSKY, ILONA POLINOVSKY, and HANS-PETER BAUMEISTER, on behalf of themselves and all others similarly situated, | ) ) ) ) | No. 1:11-cv-00780 |
| | ) | Judge Sharon Johnson Coleman |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE LUFTHANSA AG, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DEUTSCHE LUFTHANSA AG'S MOTION
## FOR ENTRY OF FINAL JUDGMENT AS TO ALL CLAIMS

Defendant Deutsche Lufthansa AG ("Lufthansa"), by and through its undersigned counsel, moves for the entry of final judgment as to all claims in this action. Final Judgment should be entered in this action because: (1) the Court dismissed Plaintiffs' direct claims for relief under European Union Regulation (EC) No 261/2004 ("EU 261" or the "Regulation") and Plaintiff Hans-Peter Baumeister's claim for breach of contract on the merits; (2) the remaining plaintiffs, Pavel and Ilona Polinovsky, voluntarily resolved their individual claim against Lufthansa for breach of contract; and (3) no other class representative plaintiff has come forward with a legally recognized interest in continuing this litigation against Lufthansa. *See Giannopoulos v. Iberia Líneas Aéreas de España, S.A.*, No. 11 C 775, Opinion and Order [Dkt No. 273] (N.D. Ill. May 30, 2014) (Durkin, J.). Specifically, as set forth in the accompanying Memorandum of Law:

1.     On February 3, 2011, Pavel and Ilona Polinovsky commenced this putative class action against Lufthansa for breach of Lufthansa's contract of carriage, which incorporated the terms of EU 261. The Polinovsky Plaintiffs sought to represent a class of Lufthansa passengers

who qualified for compensation under EU 261 from Lufthansa but never received payment. *See* Dkt No. 1.

2. On April 12, 2011, the Polinovsky Plaintiffs amended the class action to add Hans-Peter Baumeister as an additional class representative plaintiff. *See* Dkt No. 12.

3. The Polinovskys and Mr. Baumeister amended the class action complaint for a second time on November 26, 2012 to add a second cause of action against Lufthansa for direct violation of EU 261. *See* Dkt No. 99.

4. On May 1, 2013, Lufthansa moved pursuant to Fed. R. Civ. P. 12(c) to dismiss the Plaintiffs' direct cause of action under EU 261. *See* Dkt No. 111.

5. On May 29, 2013, Lufthansa filed two separate motions for summary judgment to dismiss the breach of contract claims of Mr. Baumeister and the Polinovskys, respectively. *See* Dkt Nos. 122, 126.

6. In response to Lufthansa's Motion for Summary Judgment, the Polinovsky Plaintiffs stated that they "most likely" would withdraw as proposed class representatives because their "claims are not amenable to class treatment due to the nature of their flight," but argued that the Court should deny Lufthansa's motion because "they still have viable *individual* claims" against Lufthansa. Dkt No. 154 at 2 (Plaintiffs' emphasis).

7. On March 12, 13 and 14, 2014, the Court issued decisions that resolved Lufthansa's three motions as follows:

(i) The Court dismissed the Plaintiffs' direct cause of action under EU 261 (*see* Dkt No. 183);

(ii) The Court granted summary judgment to Lufthansa on Mr. Baumeister's claim for breach of contract (*see* Dkt No. 185); and

(iii) The Court denied Lufthansa's motion for summary judgment as to the Polinovsky Plaintiffs' individual claim for breach of contract, finding that

an issue of fact exists as to whether the Polinovskys are entitled to EU 261 compensation under Lufthansa's Contract of Carriage.

*See* Dkt No. 187.

8.      Following the decisions, Mr. Baumeister moved for reconsideration of the Court's decision dismissing his breach of contract claim, which the Court denied.  *See* Dkt Nos. 192, 200.

9.      Based on Plaintiffs' counsel's representations that the Polinovskys no longer wished serve as putative class representatives, Lufthansa offered to settle the Polinovsky Plaintiffs' individual claim for breach of contract by providing them an Offer of Judgment pursuant to Fed. R. Civ. P. 68.  The Polinovsky Plaintiffs' accepted Lufthansa's Rule 68 Offer of Judgment on April 7, 2014.  *See* Dkt No. 201.

10.      Lufthansa's Rule 68 Offer of Judgment to the Polinovsky Plaintiffs rendered their breach of contract claim moot because the offer satisfied the Polinovsky Plaintiffs' entire demand for relief.  *See Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir. 1994); *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991).

11.       Lufthansa's Rule 68 Offer of Judgment also mooted the potential claims of the putative class members because the Polinovsky Plaintiffs accepted the offer of judgment after withdrawing as class representatives and before any motion for class certification was filed. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)

12.      Because no other class representative has come forward since the Polinovskys withdrew as class representatives, final judgment should be entered as to all claims in this action because there is no plaintiff with a "live claim" against Lufthansa with a legally cognizable interest in continuing this litigation.  *See Giannopoulos v. Iberia, Líneas Aéreas de España, S.A.*, No. 11 C 775, Opinion and Order [Dkt No. 273] (N.D. Ill. May 30, 2014) (Durkin, J.).

Dated: June 16, 2014

Respectfully submitted,

CONDON & FORSYTH LLP

By: /s/ Christopher R. Christensen
    Christopher R. Christensen
    Anthony U. Battista
7 Times Square
New York, New York 10036
Telephone: (212) 894-6700
Facsimile: (212) 370-4453

– and –

EIMER STAHL LLP
Brent Austin
224 South Michigan Avenue
Chicago, Illinois 60604
Telephone: (312) 660-7684
Facsimile: (312) 692-1718

*Attorneys for Defendant*
*DEUTSCHE LUFTHANSA AG*